# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARILYN LEMKE,**

    Plaintiff,

  -vs-                 **Case No. 11-C-258**

**WATERLOO INDUSTRIES,**

    Defendant.

# DECISION AND ORDER

  Marilyn Lemke alleges that she was discharged in violation of the Family Medical Leave Act, Title VII and the Americans with Disabilities Act. The defendant, Waterloo Industries, moves to dismiss for failure to state a claim upon which relief may be granted. To state a claim, a complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief. *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The Court is obliged to liberally construe *pro se* pleadings. *Greer v. Bd. of Educ. of City of Chi., Ill.*, 267 F.3d 723, 727 (7th Cir. 2001). However, when a complaint's allegations do not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level,'" the Court must dismiss. *Concentra Health Serv.*, 496 F.3d at 777 (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)).

  Lemke's complaint refers to the release that she signed after her termination. Complaint, ¶ 6. Because she explicitly refers to the release in her complaint, the Court may consider and examine the release without converting this motion into one for summary

judgment. *Duferco Steel, Inc. v. M/V Kalisti*, 121 F.3d 321, 324 n.3 (7th Cir. 1997). The release provides as follows:

> By signing this Waiver/Release, and in exchange for receiving the Consideration described in the Letter Agreement, I completely release all claims I may have against each and every one of the Released Parties, except for the Exceptions to Release in paragraph 4, and including any claims I ever had or now have or can have of any nature whatsoever, whether now known to me or not know, through the date of my signing of this Waiver/Release. I understand that by waiving and releasing my claims, I am giving up my right to sue any of the Released Parties based on any claim I may have on the date I sign this Waiver/Release. *My waiver, release and discharge of claims includes, but is not limited to, any claims arising in any way from my employment with the Company or the termination of my employment, subject to the Exceptions to Release. Some of the types of claims I am releasing (although there may be others not listed here) are all claims under local, state or federal law relating to . . . Discrimination of the basis of sex, race, color, national origin, sexual orientations, religion, disability or veteran status . . .*

The only exceptions to the release are for claims relating to the consideration under the release, the company's business expense reimbursement policy, rights under the employee benefits plans of the company or which controlling law clearly states may not be released by settlement, or rights that arose after the release was signed. Accordingly, the release covers all of the claims Ms. Lemke is attempting to bring now in federal court. Ms. Lemke received $9,320.80 in exchange for signing the release.

Ms. Lemke alleges that she signed the waiver under duress. However, a party seeking to avoid a contract based on duress must tender-back any consideration received in exchange. *American Airlines, Inc. v. Cardoza-Rodriguez*, 133 F.3d 111, 119 (1st Cir. 1998). This is a

"general contract principle and would surely be a component of any federal common law of release." *Fleming v. United States Postal Service*, 27 F.3d 259, 261 (7th Cir. 1994) (internal citations omitted). Importantly, Ms. Lemke alleges neither tender nor offer of tender of the consideration she received for signing the release. *Id.* "Offering to tender back the consideration after obtaining relief in the lawsuit would be insufficient to avoid a finding of ratification." *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 937 (5th Cir. 1994). Therefore, Ms. Lemke does not state a plausible claim that she can avoid the release on the grounds of duress.

One caveat is when federal law "limits a class of releases," *id.*, which it arguably does with respect to claims under the FMLA. An FMLA regulation provides that employees "cannot waive, nor may employers induce employees to waive, their rights under FMLA." 29 C.F.R. 825.220(d). The Fourth Circuit held that this regulation prohibits a "prospective *and* retrospective waiver or release of rights under the FMLA, including the right to bring an action or claim for a violation of the Act." *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 463 (4th Cir. 2006) (emphasis added). The Fifth Circuit previously held to the contrary. "A plain reading of the regulation is that it prohibits prospective waiver of rights, not the post-dispute settlement of claims." *Faris v. Williams WPC-I, Inc.*, 332 F.3d 316, 321 (5th Cir. 2003). The Court agrees with the Fifth Circuit and finds that the waiver is valid as applied to Lemke's FMLA claims. *See Butler v. Merrill Lynch Bus. Fin. Servs., Inc.*, 570 F. Supp. 2d 1047, 1052 (N.D. Ill. 2008) ("under the FMLA's plain language, a waiver of past, retrospective FMLA claims is valid and enforceable").

-3-

**IT IS HEREBY ORDERED THAT** the defendant's motion to dismiss [D. 10] is **GRANTED**.  This matter is **DISMISSED**.  The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st  day of September, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA
U.S. District Judge**